IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HANEEF MAJEED, 20373-044,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 13-cv-864-DRH |
| | ) |
| **J. S. WALTON,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, who is currently incarcerated in the United States Penitentiary at Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence (Doc. 2). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the petition shall be **DISMISSED**.

Petitioner was sentenced to a 30-month term of imprisonment for bank fraud in the Eastern District of Missouri in November 2003. *See United States v. Washington, et al.*, No. 02-cr-00495 (E.D. Mo. 2002) (Doc. 540). Following

completion of his sentence, petitioner commenced a 5-year term of supervised release in 2005 (*Id.*).  On August 11, 2006, petitioner was arrested and indicted on federal narcotics charges.  *See United States v. Majeed*, No. 06-mj-06138 (E.D. Mo. 2006); *United States v. Majeed, et al.*, No. 06-cr-00547 (E.D. Mo. 2006).  Petitioner alleges that he was remanded into custody "[a]s a result of the charges placed against him in [the federal narcotics case], and not the previous case" (Doc. 2, p. 2).  He remained in custody during the pending criminal proceedings on the federal narcotics charges.

While still in custody on these charges, petitioner's supervision in the bank fraud case was revoked (Doc. 2, p. 2).  He was sentenced to a 24-month term of imprisonment, followed by an additional period of supervised release.  Petitioner ultimately pleaded guilty in his federal narcotics case to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Majeed*, No. 06-cr-00547 (E.D. Mo. 2006) (Doc. 211).  He was sentenced to a 168-month term of imprisonment on January 17, 2008.  The judgment states, in pertinent part, "The sentence of 168 months shall run *concurrent* to the sentence the defendant is currently serving for docket no. 4:02cr495 CDP" (*Id.*) (emphasis added).

Petitioner now challenges the execution of his sentence (Doc. 2).  He claims that the Federal Bureau of Prisons ("BOP") incorrectly calculated the length of his sentence by misconstruing the judgment entered in the bank fraud case as running *consecutive* to, rather than *concurrent* with, the sentence in his federal

narcotics case (Doc. 2, p. 3). Petitioner maintains that he completed his original sentence before he was arrested on the federal narcotics charges and jailed at the time. He now seeks credit on the sentence for the second offense (Doc. 2, p. 4).

Petitioner must clear a number of significant legal hurdles before the Court can consider the merits of his claim. Most notably, petitioner faces a jurisdictional hurdle. Petitioner has on six separate occasions filed actions challenging the execution of his sentence. *See Majeed v. U.S.A.*, No. 09-cv-847 (E.D. Mo. June 1, 2009); *Majeed v. Outlaw*, No. 09-cv-85 (E.D. Ar. July 1, 2009); *Majeed v. U.S.A.*, No. 09-cv-1304 (E.D. Mo. Aug. 13, 2009); *Majeed v. Davis*, No. 10-cv-1391 (D. Co. June 15, 2010); *Majeed v. U.S.A.*, No. 13-cv-2087 (D. Co. Aug. 5, 2013); *Majeed v. J. S. Walton*, No. 13-cv-864 (S.D. Ill. Aug. 22, 2013). While none of these actions appear to have resulted in a decision on the merits, two are currently pending. *See Majeed v. Davis*, No. 10-cv-1391 (D. Co. June 15, 2010); *Majeed v. U.S.A.*, No. 13-cv-2087 (D. Co. Aug. 5, 2013); *Majeed v. J. S. Walton*, No. 13-cv-864 (S.D. Ill. Aug. 22, 2013). Petitioner filed virtually identical petitions in both. According to the allegations in each petition, petitioner was incarcerated in a facility within each district at the time he filed the petition, as required under 28 U.S.C. § 2241(a). Petitioner cannot pursue his claims in both courts. He must choose the appropriate forum. And although he is presently incarcerated in this district, petitioner has taken no steps to voluntarily dismiss or transfer the Colorado action. Unless he does so, this action is subject to dismissal.

Equally important is the requirement to exhaust administrative remedies

within the BOP before initiating a habeas action. Petitioner must inform the Court of the steps he has taken to obtain relief through administrative action and/or appeals. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). Petitioner must provide sufficient details regarding responses to afford the Court the opportunity to analyze this issue. The petition is silent on the issue of exhaustion. Petitioner has also neglected to provide the Court with sentence computation worksheets. Without this basic information, the Court cannot analyze petitioner's claims. The instant petition (Doc. 2) shall therefore be dismissed.

Petitioner is **ORDERED** to submit an amended petition **on or before October 10th, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to voluntarily dismiss or transfer the Colorado habeas action, as well as the steps petitioner has taken to exhaust his administrative remedies prior to filing this action. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition (Doc. 2). *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. In addition, petitioner must submit any exhibits and attachments that he wishes the Court to consider along with his amended petition. Failure to file an amended petition shall result

in the dismissal of this action.

In order to assist petitioner in preparing his amended petition, the Clerk is **DIRECTED** to mail petitioner a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

The instant petition (Doc. 2) is **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 19th day of September, 2013.

Digitally signed by
David R. Herndon
Date: 2013.09.19
14:38:22 -05'00'

**Chief Judge
United States District Court**