**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**HANEEF MAJEED, 20373-044,**

       **Petitioner,**

       **vs.**                 **CIVIL NO. 13-cv-864-DRH**

**J. S. WALTON,**

       **Respondent.**


**<u>MEMORANDUM AND ORDER</u>**


**HERNDON, Chief Judge:**

    This matter is now before the Court for preliminary review of Petitioner Haneef Majeed's First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 7). Petitioner, an inmate in the United States Penitentiary at Marion, Illinois ("Marion"), brings this habeas corpus action to challenge the execution of his sentence. Petitioner filed the original petition in this matter on August 22, 2013 (Doc. 2). However, the Court dismissed it because: (1) the same action was pending in another district court; (2) petitioner provided the Court with no information regarding his efforts to exhaust his administrative remedies within the Federal Bureau of Prisons before initiating this habeas action; and (3) petitioner failed to provide the Court with his sentence computation worksheets (Doc. 6, pp. 3-4). Petitioner was granted leave to file an amended petition

addressing these defects by October 10, 2013 (Doc. 6, p. 4).

The amended petition, which petitioner filed on September 27, 2013, is timely and ripe for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.   Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I.   **The Amended Petition**

According to the amended petition (Doc. 7) and accompanying memorandum of law (Doc. 8), petitioner was sentenced to a 30-month term of imprisonment for bank fraud in the Eastern District of Missouri in November 2003 (Doc. 8, p. 2).  *See United States v. Washington, et al.*, No. 02-cr-00495 (E.D. Mo. 2002) (Doc. 540).   Following completion of his sentence, petitioner commenced a 5-year term of supervised release in 2005 (*Id.*).   On August 11, 2006, petitioner was arrested and indicted on new federal narcotics charges (*Id.*). *See United States v. Majeed*, No. 06-mj-06138 (E.D. Mo. 2006); *United States v. Majeed, et al.*, No. 06-cr-00547 (E.D. Mo. 2006).   Petitioner alleges that he was remanded into custody "[a]s a result of the charges placed against him in [the federal narcotics case], and not the previous case" (Doc. 8, p. 2).   He remained in custody during the pending criminal proceedings on the federal narcotics charges

(*Id.*).

While still in custody on these charges, petitioner's supervision in the bank fraud case was revoked (*Id.*). He was sentenced to a 24-month term of imprisonment, followed by an additional period of supervised release. Petitioner ultimately pleaded guilty in his federal narcotics case (*Id.*). *Majeed*, No. 06-cr-00547 (E.D. Mo. 2006) (Doc. 211). He was sentenced to a 168-month term of imprisonment on January 17, 2008. The judgment states, in pertinent part, "The sentence of 168 months shall run *concurrent* to the sentence the defendant is currently serving for docket no. 4:02cr495 CDP" (*Id.*) (emphasis added).

Petitioner now challenges the execution of his sentence (Doc. 8). He claims that the Federal Bureau of Prisons ("BOP") incorrectly calculated the length of his sentence by misconstruing the judgment entered in the bank fraud case as running *consecutive* to, rather than *concurrent* with, the sentence in his federal narcotics case (Doc. 8, p. 3). Petitioner maintains that he completed his original sentence before he was arrested on the federal narcotics charges and jailed at the time. He now seeks credit on the sentence for the second offense (Doc. 8, p. 4).

In the amended petition, petitioner addresses the three defects noted by this Court in its original dismissal order (Doc. 6, p. 4). First, petitioner alleges that the habeas action he filed in another district court has been dismissed without prejudice (Doc. 8, p. 3). The Court is satisfied that the duplicative action is no longer pending. *See also Majeed v. U.S.A.*, No. 13-cv-2087 (D. Co. Aug. 5, 2013) (dismissed on Sept. 18, 2013) (Doc. 5). Further, no other habeas action

pertaining to the instant matter has resulted in a decision on the merits.  *See Majeed v. U.S.A.*, No. 09-cv-847 (E.D. Mo. June 1, 2009); *Majeed v. Outlaw*, No. 09-cv-85 (E.D. Ar. July 1, 2009); *Majeed v. U.S.A.*, No. 09-cv-1304 (E.D. Mo. Aug. 13, 2009). Therefore, petitioner has cleared the first hurdle noted by the Court in its dismissal order (Doc. 6, p. 4).

Second, petitioner generally addresses his efforts to exhaust his administrative remedies within the BOP before initiating this habeas action (Doc. 8, p. 3).  *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).  The memorandum of law, which is incorporated by reference into the amended petition, states: "Petitioner has completed the entire administrative review protocol of the Bureau of Prisons, which resulted in a denial in 2010 of his request to have his sentence correctly computed. . . " (*Id.*).  Attached to the memorandum of law are two affidavits describing the steps petitioner took to exhaust his administrative remedies (Doc. 8, pp. 10-16).  While further factual development of this issue may be required, the Court cannot conclude at this stage that petitioner failed to take steps to exhaust.  Accordingly, petitioner has cleared the second hurdle (Doc. 6, p. 4).

Third, petitioner filed sentence computation records along with the amended petition (Doc. 8, pp. 17-19).  These records are generally consistent with the allegations, although certainly subject to further discussion and analysis by the Court and parties.  Accordingly, petitioner has cleared the third hurdle noted

by the Court in its dismissal order (Doc. 6, p. 4).

## II.    Disposition

Without commenting on the merits of petitioner's claim, the Court concludes that the amended petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **December 2, 2013**.  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of

---

[1]  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 31st day of October, 2013

Digitally signed by
David R. Herndon
Date: 2013.10.31
15:10:46 -05'00'

**Chief Judge**
**United States District Court**