IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HANEEF MAJEED,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.   13-cv-864-CJP[1] |
| | ) |
| **J. S. WALTON,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Petitioner Haneef Majeed, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2241, challenging the calculation of his sentence. Petitioner contends that he should be given credit on his federal sentence for time he spent in custody prior to the imposition of sentence, despite the fact that he was given credit for that time on another federal sentence. He also argues that U.S.S.G. §5G1.3 should be applied to the calculation of his sentence.

Now before the Court is Majeed's Amended Petition, Doc. 8.

**Relevant Facts**

On November 24, 2003, Majeed was sentenced to 30 months imprisonment on bank fraud charges in the Eastern District of Missouri, Case No. 02-cr-495-CDP, to be followed by 5 years of supervised release. Doc. 14, Ex. 2, pp.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).   See, Doc. 16.

1

2-7.

Majeed's supervised release commenced on August 5, 2005. On August 17, 2006, the government filed a petition to revoke his supervised release. According to the petition, he had been arrested on August 10, 2006, and charged by way of complaint in the Eastern District of Missouri with distribution of more than 500 grams of cocaine. Ex. 2, pp. 12-14.

On September 22, 2006, Majeed's supervised release was revoked and he was sentenced to 24 months imprisonment in Case No. 02-cr-495-CDP. Ex. 2, pp. 16-22.

Petitioner was indicted on the cocaine charge under Case No. 06-cr-547-CAS. He pleaded guilty. On January 17, 2008, District Judge Charles A. Shaw sentenced him to 168 months imprisonment. The judgment provided that "This sentence of 168 months shall run concurrent to the sentence the defendant is currently serving for docket no. 4:02cr495 CDP." Ex. 2, pp. 28-29.

Petitioner filed a motion pursuant to §2255 in the Eastern District of Missouri in June, 2009, challenging the BOP's computation of his sentence. Judge Shaw dismissed the motion because such a claim is not cognizable under §2255. *Majeed v. United States*, Case No. 09-cv-847-CAS (E.D. Mo.)

In June, 2010, Majeed filed a §2241 petition in the District of Colorado, where he was then incarcerated. The petition raised the issue of the computation of his sentence. He then filed a motion asking the court to stay the action pending the resolution of his §2255 motion in the Eastern District of Missouri. Before the

motion was ruled on, Majeed sought leave to dismiss the action without prejudice because he was going to be transferred to a prison in another district. *Majeed v. Davis*, Case No. 10-cv-1391-WJM (D. C. Col.)

In March, 2011, Majeed filed a pro se motion asking the sentencing court to declare that his 168 month sentence began to run on the date he was sentenced for violation of his supervised release, September 22, 2006. *U.S. v. Majeed*, Case No. 06-cr-547-CAS, Doc. 242 (E.D. Mo., March 11, 2011). Judge Shaw denied the motion, stating "the Court did not intend that defendant's sentence commence on September 22, 2006. The judgment accurately reflects the sentence as imposed by the Court." Judge Shaw determined that he did not have jurisdiction to amend the sentence, and clearly stated that he would not amend the judgment even if he were empowered to do so because the amendment sought by defendant "does not reflect the Court's intent in sentencing him." Judge Shaw cited a number of cases holding that a federal sentence cannot begin to run prior to the date on which it was imposed. Case No. 06-cr-547-CAS, Doc. 250 (E.D. Mo., May 12, 2011).

In August, 2013, petitioner filed a second §2241 petition in the District of Colorado. The petition raised the same arguments as the petition in this district. The case was dismissed without prejudice after Majeed was transferred out of the District of Colorado. *Majeed v. U.S.*, Case No. 13-cv-2098-LTB (D. C. Col.)

Petitioner's sentence was subsequently reduced to 140 months pursuant to 18 U.S.C. §3582(c)(2). Case No. 06-cr-547-CAS, Doc. 261 (E.D. Mo., December 16, 2014). According to the BOP's website, his current release date is January 6,

3

2018.  See, http://www.bop.gov/inmateloc/, visited on July 28, 2015.

## Analysis

**1. Credit for Presentence Custody**

The Attorney General, acting through the Bureau of Prisons, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant."  *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992).  The calculation, i.e., the execution, of the sentence can be challenged in a Section 2241 petition.  See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994)(Where petitioner is "attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy.")

The §3582(c)(2) reduction of petitioner's cocaine sentence from 168 months to 140 months has no effect on the analysis here because the 28 month reduction would come off the back end of the sentence, while petitioner's points relate to the front end of the sentence.  Therefore, the Court will use the time periods referenced in the original sentence calculation, recognizing that those calculations have been superseded by the sentence reduction.

Exhibit 1 to Doc. 14, an affidavit of a BOP employee, explains the BOP's sentence computation procedure as applied in petitioner's case.  The two concurrent sentences are aggregated and the period of "overlap" is determined.

4

Accounting for the overlap, petitioner is subject to an aggregate sentence of 15 years, 3 months, and 26 days, with credit for the 43 days spent in custody from the date of his arrest on August 10, 2006, through September 21, 2006, the date on which the 24 month sentence was imposed. It is important to note that the aggregate sentence runs from the date the first sentence was imposed, i.e., September 22, 2006.

Put more simply, on the date that the second sentence was imposed, petitioner still had roughly 8 months to serve on his previously-imposed 24 month sentence. For that period (January 17, 2008, through September 21, 2008) the two sentences ran concurrently, i.e., that time was credited to both sentences. The two full sentences added together total 16 years. Subtracting about 8 months from 16 years yields an aggregate sentence of aproximately15 years, 3 months, and 26 days. Again, the aggregate sentence commenced running on the first sentencing date, September 22, 2006.

The Court first notes that petitioner makes some arguments that are flatly contradicted by the record. He argues first that the BOP has erroneously applied his two sentences consecutively, rather than concurrently. Doc. 8, p. 3; Doc. 17, p. 3. That is obviously incorrect. If the two sentences were run consecutively, petitioner's aggregate sentence would be 16 years. Clearly, the BOP has not calculated his aggregate sentence to be 16 years. The aggregate sentence of aproximately15 years, 3 months, and 26 days runs from the first sentencing date, September 22, 2006, meaning that petitioner received the benefit of his two

sentences running concurrently from the date the second sentence was imposed through the date the first sentence expired, i.e., the overlap of about 8 months.

Petitioner states at Doc. 8, p. 5 and Doc. 17, p. 6, that his sentence on the supervised release violation was "indeterminate."  That is incorrect.  The sentence was for 24 months.

Petitioner also argues that all of the time since his arrest should be credited to the cocaine sentence, since he had "completed his original sentence when he was arrested on new charges."  See, Doc. 8, p. 4; Doc. 17, pp. 4-5.  Petitioner does not explain the significance of that fact.  While he was not serving a sentence on the date of his arrest, he was sentenced to 24 months for violation of supervised release shortly thereafter, and was serving that sentence when he was sentenced on the cocaine case.

Petitioner's arguments are somewhat opaque.  It is clear that he wants credit on his cocaine sentence for all of the time from the date of his arrest to the date he was sentenced on the cocaine charge, about 17 months.  What is not so clear is the reason why such credit should apply.

At one point, he appears to be arguing that the 17 months should be applied to both of his sentences.  This argument runs afoul of 18 U.S.C. §3585(b), which provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence."  See, *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).  The Seventh Circuit has repeatedly held that §3585(b) means what it says: the time that a defendant spends in pre-sentence

6

custody cannot be credited to his newly-imposed sentence if that time has been credited to another sentence. See, *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996)("The statute [§3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F. App'x. 486, 488-489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

Petitioner acknowledges the existence of §3585(b), but does not offer any coherent argument as to why that statute does not operate to forbid the BOP from crediting the time he spent in custody up to January 17, 2008, to his cocaine sentence. Citing *United States ex rel. Del Genio v. United States Bureau of Prisons*, 644 F.2d 585, 589 (7th Cir. 1980), he argues that the statute "does not automatically disqualify Petitioner from receiving credit . . . ." Doc. 17, p. 4.

*Del Genio* does not help petitioner. First, in a later, unreported, case, the Seventh Circuit has suggested that *Del Genio* may not be good law since the passage of the Sentencing Reform Act of 1984. *United States v. Salcedo*, 1995 WL 395958, n.4 (7th Cir. 1995). Subsequent to *Del Genio,* the Seventh Circuit has stated that "A federal sentence cannot commence before it is imposed. . . ." *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005), citing *United States v. Walker*, 98 F.3d 944, 945-46 (7th Cir.1996).

7

Further, the relevant statement in *Del Genio* is "To accept the petitioner's argument is to say his sentence began to run before it was imposed.  While a sentencing judge has the discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been partially served, no such order was made in this case."   *Del Genio*, 644 F.2d at 589.   Petitioner's situation is the same: the sentencing judge did *not* order that his sentence was to be retroactively concurrent with his supervised release violation sentence.   And, when presented with the question in Majeed's motion to amend or correct the judgment, Judge Shaw explicitly stated that he "did not intend that defendant's sentence commence on September 22, 2006.   The judgment accurately reflects the sentence as imposed by the Court."   Case No. 06-cr-547-CAS, Doc. 250 (E.D. Mo., May 12, 2011).

Judge Shaw's intent could not be clearer.   In the circumstances of this case, it is frivolous to advance an argument premised on the notion that the sentencing judge intended that Majeed's cocaine sentence be retroactively concurrent with his supervised release violation sentence.

Majeed also appears to be complaining that the time between his arrest and his sentence on the cocaine charge was too long.   He "avers that he should be granted credit toward his second sentence for that period in which he was in custody and the charge against him was not brought to trial."   Doc. 17, p. 4.[2]

---

[2] He also complains that "Respondent has not seen fit to explain why the government delayed from May to August, a period of four months, to arrest and charge Petitioner with the second crime."  Doc. 17, p. 4. The short answer is that the respondent in this habeas case is under no

The suggestion that a habeas court (or the BOP) can adjust a sentence based on a perception that the petitioner's underlying case was not wrapped up in a timely fashion is a novel proposition. Not surprisingly, petitioner offers no authority for that proposition. Such a claim goes to the imposition of sentence, not the execution of sentence, and cannot properly be brought in a petition under section 2241. See, *Carnine v. U.S.*, 974 F.2d 924, 927 (7th Cir. 1992)(where alleged error occurred at or prior to sentencing, the remedy is under §2255, not §2241).

In short, Majeed's argument that he should be given credit on his cocaine sentence for the time spent in custody prior to the imposition of that sentence is barred by 18 U.S.C. §3585(b). He has not advanced a credible argument for why, in the face of that statute, that time should be credited to both of his sentences.

### 2. Application of Sentencing Guidelines

Petitioner also argues that U.S.S.G. §5G1.3 should be applied because both his supervised release revocation and his cocaine charge arose out of the same act. Doc. 8, pp. 6-8, Doc. 17, pp. 5-7. This argument concerns the imposition of sentence, not the execution of sentence, and therefore cannot be brought in a §2241 petition. *Carnine, supra*. The argument that the sentencing court misapplied (or failed to apply) U.S.S.G. §5G1.3 is not cognizable in a §2241 petition. See, *McCall v. United States*, 304 F. App'x. 449, 450 (7th Cir. 2008) (claim that the sentencing court misapplied U.S.S.G. § 5G1.3 was a claim challenging the imposition of sentence, which could not be brought under § 2241); *Gravitt v. Veach*, 229 F.

---

obligation to offer such an explanation.

App'x. 417, 418 (7th Cir. 2007) ("Gravitt's contention that the district court misapplied § 5G1.3 attacks the imposition, not the execution, of his federal sentence, and ordinarily only challenges to the execution of a sentence are properly brought under § 2241. . . . ")

## Conclusion

For the foregoing reasons, Haneef Majeed's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 8)** is **DENIED**. The Petition is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:    July 30, 2015.**

                              **s/ Clifford J. Proud**
                              **CLIFFORD J. PROUD**
                              **UNITED STATES MAGISTRATE JUDGE**